# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KATHERINE JENNINGS**                                              **CIVIL ACTION NO.**

**VERSUS**

                                                                    **24-725-SDD-EWD**

**FRANK BISIGNANO,**
**COMMISSIONER OF SOCIAL SECURITY**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 17, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

KATHERINE JENNINGS                                                  CIVIL ACTION NO.

VERSUS

                                                                    24-725-SDD-EWD

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Plaintiff's Unopposed Motion for Attorney Fees pursuant to the Equal Access to Justice Act (the "Motion"), filed by Katherine Jennings ("Plaintiff").[1] The Motion indicates that Defendant Frank Bisignano, Commissioner of Social Security Administration ("Commissioner"), does not oppose the relief sought. As Plaintiff is the prevailing party in this case, the Commissioner does not object to the Motion, and the fees sought are reasonable, it is recommended that the Motion be granted, and that Plaintiff be awarded fees of $6,195.00 under the Equal Access to Justice Act ("EAJA"), subject to offset for any debts Plaintiff may owe under the Treasury Offset Program.

### I.    BACKGROUND

In this action, Plaintiff appealed the Commissioner's denial of her application for disability insurance and supplemental security income benefits.[2] In response, the Commissioner filed an Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of the Social Security Act so that the Commissioner could further develop the record, conduct additional administrative proceedings, and issue a new decision.[3] The Court granted the Commissioner's Motion to Remand

---

[1] R. Doc. 26.

[2] R. Doc. 1.

[3] R. Doc. 23.

and issued an Order and Judgment reversing and remanding the case for further proceedings.[4]

Plaintiff then filed the Motion seeking an EAJA fee award of $6,195.00 at an hourly rate of $175

for 35.4 hours of work.[5] The Commissioner does not dispute the reasonableness of the time spent

or of the hourly rates.

 II.    LAW AND ANALYSIS

 A.  The Time Expended and the Hourly Rate Sought are Reasonable

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in

a civil action brought against the United States.[6] Attorney fees shall be awarded to a prevailing

party unless the Court finds that the position of the United States was substantially justified, or

special circumstances make an award unjust.[7] Under the EAJA, a court cannot award fees

exceeding $125 per/an hour unless the court determines that an increase in the cost of living or

special factors justify a higher fee.[8] In *Baker v. Bowen*, the  United States Court of Appeals for the

Fifth Circuit held that Congress intended to provide an allowance for a cost-of-living increase in

the statute, but it is not absolutely required.[9] Since 2014, this Court has found that hourly rates of

---

[4] R. Doc. 24.

[5] Plaintiff's Memorandum of Law in Support of Plaintiff's Unopposed Motion for Attorney's Fees requests an hourly rate of $234 in one paragraph. R. Doc. 26-2, p. 3 ("Plaintiff requests an EAJA award at an hourly rate of $234.00, which is calculated on the basis of the $125.00 hourly rate authorized by the EAJA enhanced by cost of living reflected by the Consumer Price Index."). However, the Motion represents that the work was performed at an hourly rate of $175.00 (R. Doc. 26, ¶ 4), and the total amount sought of $6,195.00 for 35.4 hours of work results in an hourly rate of $175.00. *See* R. Doc. 26, ¶¶ 5 and prayer for relief.

[6] 28 U.S.C. § 2412(d)(1)(A).

[7] *Id*.

[8] 28 U.S.C. § 2412(d)(2)(A)(ii).

[9] *Gann v. Colvin*, No. 14-189, 2017 WL 385038, at **2-3 (M.D. La. Jan 1, 2017) (approving an increase in the hourly rate to $175.00 per hour for work performed from 2014 forward) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988)).

$175.00 for attorney time are reasonable given the increased cost of living as reflected by the Consumer Price Index.[10] Here, Plaintiff seeks $175.00 an hour.

Plaintiff also seeks compensation for 35.4 hours of work. Although the Commissioner ultimately sought remand, that was not until after Plaintiff filed her opening brief. Most of the work for which Plaintiff seeks the EAJA fee was related to reviewing the record, identifying the issues for appeal, and drafting the opening brief.[11] The 35.4 hours spent is reasonable for the work performed.

### B.  The Award of Fees Shall be Paid Directly to Plaintiff

The United States Supreme Court has held that an EAJA fee award is payable to the prevailing litigant, rather than the litigant's attorney.[12] Therefore, the award of attorney fees in this case should be made payable directly to Plaintiff Katherine Jennings and mailed to Plaintiff's counsel.

Accordingly,

**IT IS RECOMMENDED** that the Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act,[13] filed by Plaintiff Katherine Jennings, be **GRANTED**, and that Frank Bisignano, Commissioner of Social Security Administration, be ordered to remit a check made payable to "Katherine Jennings" for attorney fees in the amount of $6,195.00 (35.4 attorney hours

---

[10] *Gann*, 2017 WL 385038, at *3 ("the court will approve an EAJA hourly rate of up to $175.00 for work performed from 2014 forward until further notice"); *Frank v. O'Malley*, No. 24-376, 2025 WL 1202542, at *3 (M.D. La. April 25, 2025) (rejecting Plaintiff's request for an EAJA fee at an hourly rate of $220.00 and granting fee at hourly rate of $175.00).

[11] R. Doc. 26-1, pp. 2-3.

[12] *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010) ("the party, rather than the lawyer" "is entitle[d] to receive the fees" under 42 U.S.C. § 1988(b), which rationale applies with equal force to the functionally identical statutory language of the EAJA (citations omitted).

[13] R. Doc. 26.

at the hourly rates of $175.00), pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

As full or partial remittance of the awarded fee is contingent on a determination by the Commissioner that Plaintiff does not owe any qualifying, pre-existing debt(s) to the government, **IT IS FURTHER RECOMMENDED** that the Commissioner reduce the attorney fees awarded by this Court to the extent necessary to satisfy such debt(s) and forward the remainder of the award, as set forth above.

Signed in Baton Rouge, Louisiana, on March 17, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

4